IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF OKLAHOMA SITTING IN AND FOR CUSTER COUNTY

| | |
|---|---|
| **DERRICK DUANE BARKER,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CJ-2023-97 ) |
| City of Weatherford, ex rel<br>Weatherford Police Department;<br>Ryan Hetherington, in his individual Capacity;<br>Sean Lanier, in his individual Capacity;<br>Normando Guyton, in his individual Capacity;<br>Dylan Owens, in his individual Capacity;<br>Derek Beck, in his individual Capacity;<br>Chase Murley, in his individual Capacity;<br>Justin Blatnick, in his individual Capacity;,<br>Hagan Ard, in his individual Capacity;<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

FILED
DISTRICT COURT
Custer County, Okla.

NOV 27 2023

STACI HUNTER
COURT CLERK

## PETITION

This Petition is for excessive force, injury, and violation of civil rights under color of law by Officer Ryan Hetherington of the Weatherford Police Department, and five (5) other officers who participated and assisted, whose actions resulted in injury, mental anguish, pain and suffering by Mr. Barker.

### PARTIES, JURISDICTION, VENUE

1. Derrick Barker is an individual residing in Custer County, Oklahoma.

2. Defendant City of Weatherford is a political subdivision of the State of Oklahoma.

3. Defendant Ryan Hetherington was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Hetherington is being sued in his individual capacity.

**EXHIBIT 2**

4. Defendant Sean Lanier was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Lanier is being sued in his individual capacity.

5. Defendant Derek Beck was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Beck is being sued in his individual capacity.

6. Defendant Justin Blatnick was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Blatnick is being sued in his individual capacity.

7. Defendant Normando Guyton was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Guyton is being sued in his individual capacity.

8. Defendant Chase Murley was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Murley is being sued in his individual capacity.

9. Defendant Dylan Owens was, at all times relevant to this Petition, duly appointed, employed, and acting within the scope of his employment as a Weatherford Police Officer. Owens is being sued in his individual capacity.

10. Defendant Hagan Ard was, at all times relevant to this Petition, employed as an intern with the Weatherford Police Officer. Ard is being sued in his individual capacity.

11. The instant action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under Title 42 of the United States Code, Sections 1983 and 1988.

12. Venue is proper in this Court as the actions and injuries giving rise to the claims asserted herein occurred in Custer County, Oklahoma.

13. Though the factual background and claims are itemized in separate sections, this Petition should be read as a whole, each segment incorporating all others.

## STATEMENT OF FACTS

14. Plaintiff incorporates the preceding paragraphs as if realleged.

15. On or about November 27, 2021, Defendant Hetherington and Defendant Ard stopped Plaintiff for a traffic stop.

16. Plaintiff stepped out of his vehicle with his license and registration for the officers.

17. At this time, Defendant Hetherington escalated the interaction and started yelling at Plaintiff to "get back in his vehicle." When Plaintiff returned to his vehicle, Defendant Hetherington told Plaintiff his tag light was out; Plaintiff started towards the rear of his vehicle to go with Defendant Hetherington to verify the tag light was out.

18. Defendant Hetherington put his right hand on Plaintiff's chest and told him "I told you to have a seat in your vehicle."

19. When Plaintiff went to get back in his vehicle, Defendant Hetherington said that Plaintiff was being arrested for obstruction and grabbed Plaintiff's right arm, twisting it behind Plaintiff's back; Plaintiff, distraught with pain and confusion, moved his arm to alleviate the excruciating pain.

20. Defendant Hetherington began pulling Plaintiff away from the cab of Plaintiff's vehicle and caused the Plaintiff to hit his head on his vehicle.

21. As instructed, Plaintiff sat back down inside his vehicle; however, Defendant Hetherington then pulled out his taser and ordered Plaintiff out of his vehicle for obstruction. Plaintiff informed Hetherington he did not know what he was talking about; "First you tell me to get in the vehicle, now you tell me to get out?"

22. While Plaintiff was sitting in his vehicle, Defendant Hetherington pulled out his taser and pointed it at Plaintiff, calling for more units on his radio as he kept his taser pointed at Plaintiff.

23. Upon information and belief, Defendant Hargan Ard was recording the incident and/or speaking with someone on his telephone about the ensuing incident.

24. Defendant Lanier then arrived to find Plaintiff sitting in his vehicle; Defendant Hetherington instructed Defendant Lanier to cover him with another taser.

25. While Defendant Lanier held his taser on Plaintiff, Defendant Hetherington grabbed Plaintiff's left arm and started pulling it out and to the tail of the vehicle, Plaintiff cried out "ow, you are about to break my arm."

26. Defendant Lanier then tased Plaintiff while he was sitting in his vehicle. The Plaintiff begged for Defendants to stop their unnecessary assault on him.

27. Defendant Hetherington and Defendant Guyton then pulled Plaintiff from his vehicle with one Defendant yelling "get out of the F***ing car," and proceeded to pin Plaintiff to the ground; At no point was Plaintiff resisting a lawful arrest.

28. As he was being tasered, thrown, and pinned to the ground, Defendant Owens—excessively speeding in his police cruiser in excitement—arrived at the scene. Defendant Owens jumped out of his cruiser, drew his baton, and sprinted towards Plaintiff. Notwithstanding Plaintiff being pinned down by three officers—in the fetal position and not resisting—Defendant Owens nevertheless started striking Plaintiff with his baton.

29. Defendant Hetherington then grabbed Plaintiff's right arm and yanked it behind Plaintiff's back; Defendant Owens jammed his baton between Plaintiff's legs and forced them into an x-bar. Defendant owens later celebrated the fact that he put Plaintiff into an x-bar with his baton. yanking it behind Plaintiff while the Plaintiff was surrounded by multiple officers.

30. Plaintiff requested to speak with the Chief; Defendants told him that was not going to happen.

31. The individual Defendants each had an opportunity to intervene and prevent the other individual Defendant from using excessive force and failed to do so.

32. The individual Defendants each were using their Weatherford agency's vehicles and surrounded Plaintiff.

33. The individual Defendants were operating under the Weatherford policies and procedures when they pulled Plaintiff over for a missing tag light, intentionally escalated the interaction, and used excessive force on Plaintiff. Had there been any discipline for their actions described herein, it would have been pursuant to the Weatherford policies and procedures.

34. Due to this incident involving unreasonable search and seizure and excessive force by more than one police officer, which was a violation of Mr. Barker's civil rights under color of law, the result to Mr. Barker was bodily injury, mental anguish, pain and suffering, and future pain and suffering.

## IV. STATEMENT OF CLAIMS

35. Plaintiffs incorporate the preceding paragraphs as if realleged.

36. Each Defendant individually acted with deliberate indifference to the health and safety of Plaintiff and without cause used excessive force against him with the intention of seriously injuring him. Each individual Defendant was a participant in what amounted to a group assault on an elderly, unarmed man.

37. The actions of Defendants to arrest Plaintiff, for an alleged misdemeanor they had not verified, was extreme, outrageous, atrocious, and utterly intolerable in a civilized society. The officers intentionally and/or recklessly caused Plaintiff severe emotional distress, beyond which a reasonable person could be expected to endure.

38. Plaintiff is suing the individual Defendants for depriving him of his clearly established and well settled federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution including but not limited to:

   a. The right to be free from an unreasonable seizure of his person. The individual Defendants' use of excessive force in pursuing and arresting Plaintiff for a tag light was not reasonable or appropriate.

   b. The right to be free from the use of excessive force against his person. Plaintiff politely requested to see his defective tag light, but instead was met with conflicting demands and a taser. And Once Plaintiff was thrown to the ground and defenseless, he was beaten by a baton. This use of force was not reasonable or appropriate under the law. Further, each individual Defendant owed Plaintiff a duty to intervene and prevent the use of excessive force by the other individual Defendants and each failed to do so. This failure to intervene and prevent the use of excessive force was not reasonable or appropriate under the law.

39. Defendant City of Weatherford was deliberately indifferent to Plaintiff's Constitutional rights by not having adequate policies on the use of excessive force; for failing to train its law enforcement employees as to the proper use of force; for failing to train its law enforcement employees as to the proper use of a taser; for failing to train its law enforcement employees as to the proper use of a baton; and for failing to supervise its law enforcement employees making sure that they do not use excessive force

40. The City of Weatherford, and its Police Department, has internal policies, procedures, and/or customs that violate the Federal Constitution, including but not limited to, deliberately and intentionally escalating interactions with citizens, using escalation as a tactic to "upcharge" citizens in

order to secure an arrest and conviction, using escalation as a tactic during simple traffic stops in order to cite citizens for resisting arrest, using escalation as a tactic to inflate fines against citizens.

41.     As a direct and proximate cause of the Defendants' violation of Plaintiff's constitutionally protected rights as described herein, the Defendants caused Plaintiff the following damages: extreme physical pain and suffering; extreme emotional trauma and suffering; actual damage to his person.

## RELIEF REQUESTED

WHEREFORE, all premises considered, Plaintiff respectfully requests judgment for actual damages against all Defendants in an amount in excess of $75,000.00, with the final amount to be proven at trail and to be determined by a jury, with interest accruing from the date of suit, punitive damages in excess of $75,000.00 against the individual Defendants, reasonable attorney fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Alan M. Taylor, OBA #34351
PALMER LAW
101 E. 13th Street
Ada, OK 74820
(405) 885-0890
taylor@callpalmer.com
ATTORNEY FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY LEIN CLAIMED